# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2010

No. 09-50663
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN DE DIOS PEREZ-GARCIA, also known as Juan Perez-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-701-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan de Dios Perez-Garcia challenges the 21-month sentence imposed subsequent to his guilty plea to attempted illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Perez contends his sentence is unreasonable because: it overstates the seriousness of the offense of conviction; and, it fails

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to account for his personal history and circumstances, namely, his family-related motives for reentering the United States.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory guideline sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence was within that range (within-guidelines sentence).

Had Perez timely objected to the reasonableness of his within-guidelines sentence, review would be for abuse-of discretion. *Gall*, 552 U.S. at 51. Perez, however, did *not* raise such an objection, although he did request a sentence at the low end of the sentencing range. Accordingly, the Government contends review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Perez maintains that, despite *Peltier*'s holding to the contrary, he was not required to object to the sentence based on reasonableness because *Peltier* is contrary to our prior plain-error precedent. Specifically, Perez contends *Peltier* is a nullity under our rule of orderliness because it conflicts with *United States v. Castillo*, 430 F.3d 230 (5th Cir. 2005).

In *Castillo*, the district court downwardly departed based on Guideline § 5K2.0 (other grounds for departure) because the prosecutor revealed the defendant's HIV status, which had been under seal, in open court at sentencing. *Id*. at 241-43. After berating the prosecutor, the district court *sua sponte* downwardly departed. *Id*. at 242-43. The Government did not object to this downward departure but raised it as error on appeal. *Id*. at 241. Our court considered whether plain-error review applied and concluded, "*under the unique set of circumstances presented by this case*, the [G]overnment did not waive its objection . . . by failing to object formally to it at sentencing". *Id*. at 243 (emphasis added).

We see no conflict between *Peltier* and *Castillo*. The latter is obviously limited to its facts, which are in no way similar to the facts presented by the instant action. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009) (rejecting similar contention that *Peltier* should not be followed under the rule of orderliness). Therefore, review is for plain error. *Peltier*, 505 F.3d at 391-92; *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 361 n.2 (5th Cir. 2009) ("We note a circuit split on the issue of whether a defendant must object at sentencing to preserve error on appeal. *Peltier* has settled this issue in our circuit . . . ." (internal citation omitted)).

Because the district court imposed a sentence within a properly calculated guidelines sentencing range, it is presumptively reasonable. *E.g.*, *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). Perez' assertion that his sentence is substantively unreasonable in the light of the non-serious nature of the offense of conviction and his family-related motives for reentering the United States is insufficient to overcome the presumption of reasonableness afforded his within-guidelines sentence. *See*, *e.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *petition for cert. filed* (19 Feb. 2010) (No. 09-9216); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Therefore, there is no error, plain or otherwise.

Perez contends the presumption of reasonableness should not apply in his case because Guideline § 2L1.2 (unlawfully entering or remaining in the United States), the guideline under which he was sentenced, is not empirically supported. Perez correctly concedes, however, that this contention is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009), and *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009). He raises it only to preserve it for possible further review.

AFFIRMED.